# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ASHLEY STEITZ<br><br>    Plaintiff,<br><br>v.<br><br>MOONLIGHT MILE LLC d/b/a STEEL WHEEL TAVERN, CARLOS ALVARADO and JOSE VENTURA, in their individual capacities,<br><br>    Defendants. | Civil Action No.<br><br>2:19-cv-014704-JMV-SCM<br><br><br>**ON ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY WITH COURT ORDERS**<br><br>**[D.E. 22]** |

## REPORT AND RECOMMENDATION

STEVEN C. MANNION, United States Magistrate Judge.

Before this Court is its *sua sponte* Order to Show Cause why Plaintiff Ashley Steitz's ("Ms. Steitz") complaint should not be dismissed for failure to comply with this Court's orders.[1] For the reasons stated below, it is respectfully recommended that this case be **dismissed without prejudice**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Ms. Steitz initiated suit in this Court on July 3, 2019, alleging sexual harassment, discrimination, hostile work environment and retaliation claims.[2] On July 2, 2020, the Court

---

[1] (ECF Docket Entry No. ("D.E.") 22). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 1, Compl.).

held a telephone conference for which Ms. Steitz did not attend.[3] On July 2, 2020, this Court directed Ms. Steitz to respond to the Moonlight Mile Defendants' discovery request within 14 days and informed her that failure to comply may lead to the dismissal of her claims.[4] Ms. Steitz did not respond.

On July 24, 2020, Ms. Steitz's attorneys filed a motion to withdraw as her attorney for repeated failures to respond to their numerous phone calls, emails and mailings about this case.[5]

On July 29, 2020, having failed to provide discovery, communicate with counsel, and comply with the July 2, 2020 Order, this Court issued an Order to Show Cause requesting a written response within 14 days from Ms. Steitz as to why her case should not be dismissed.[6] Ms. Steitz did not respond.

Following a telephone conference with counsel on September 10, 2020, the Court granted counsel's request to withdraw[7] and instructed Ms. Steitz that she could retain new counsel within seven days or proceed *pro se*.[8]

## II.     LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss an action for a party's failure comply with the court's

---

[3] (D.E. 21, Mot. to Withdraw as Att'y by Counsel for Pl.).

[4] (D.E. 18, Order).

[5] *Id.*

[6] (D.E. 22, Order to Show Cause).

[7] (D.E. 25, Order).

[8] (D.E. 26, Order).

orders.[9] Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a . . . pretrial order."[10] This provision expressly incorporates the menu of sanctions available in Rule 37(b)(2)(A)(ii)-(vii), among others, for dismissal following a failure to comply with an order.[11] Such possible sanctions include "dismissing the action or proceeding in whole or in part."[12]

Before imposing a Rule 37 sanction that will effectively dispose of the case, the Court must consider and weigh six factors as outlined by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*[13] The *Poulis* analysis calls on the Court to consider:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[14]

These factors, however, need not be considered if the dismissal is without prejudice.[15]

---

[9] Fed. R. Civ. P. 16(f)(1)(C); Fed. R. Civ. P. 41(b).

[10] Fed. R. Civ. P. 16(f)(1)(C).

[11] Fed. R. Civ. P. 16(f)(1).

[12] Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

[13] 747 F.2d 863 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (explaining that the Third Circuit has "required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party").

[14] *See Poulis*, 747 F.2d at 868.

[15] *Choi v. Kim*, 258 F. App'x. 413, 417, n.5 (3d Cir. 2007).

Accordingly, we will not address those factors here, except to note that Ms. Steitz is responsible for her failure to comply with the Court's orders. All litigants must comply with court orders.[16] "When they flout that obligation, they . . . must suffer the consequences of their actions."[17] This Court ordered Ms. Steitz to respond to defendants' discovery requests, within 14 days,[18] and to respond to its Order to Show Cause, issued on July 2, 2020, within 14 days.[19] Ms. Steitz did not file any submission in response to either order and her attorneys' numerous attempts to communicate with her have gone unanswered.[20]

### III. CONCLUSION

For the reasons articulated above, the undersigned respectfully recommends that this case be **dismissed without prejudice**. The Clerk shall mail a copy of this Report & Recommendation to Ms. Steitz by regular and certified mail. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[21] The Court need not consider frivolous,

---

[16] *See Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) (internal citations omitted).

[17] *Id*. (internal citations omitted)

[18] (D.E. 18, Order).

[19] (D.E. 22, Order to Show Cause).

[20] (D.E. 21, Mot. to Withdraw as Att'y by Counsel for Pl.).

[21] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

conclusive, or general objections.[22]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/14/2020 12:46:20 PM

Original: Clerk of the Court
Hon. John M. Vazquez, U.S.D.J.
cc: All parties
    File

---

[22] *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).