**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY STEITZ,<br><br>*Plaintiff*,<br><br>v.<br><br>MOONLIGHT MILE LLC d/b/a STEEL WHEEL TAVERN, CARLOS ALVARADO, JOSE VENTURA<br><br>*Defendants*. | Civil Action No. 19-cv-14704<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the September 14, 2020 Report and Recommendation (the "R&R") of Magistrate Judge Steven C. Mannion. D.E. 27. The R&R addressed an application by way of a *sua sponte* order to show cause (the "OTSC") regarding why Plaintiff Ashley Steitz's Complaint in this matter should not be dismissed for failure to provide discovery and failure to comply with court orders, D.E. 22. The R&R recommends that this Court dismiss Plaintiff's Complaint without prejudice for Plaintiff's failure to (1) respond or otherwise provide discovery in response to Judge Mannion's July 2, 2020 order to respond to Defendants' discovery requests within 14 days, D.E. 18; (2) respond to the OTSC within 14 days, as ordered, D.E. 22; (3) respond to her attorneys' numerous attempts to communicate with her, *see* D.E. 21-2. R&R at 4; and it

**APPEARING** that, in addition to filing the R&R on the Court's docket, Judge Mannion attempted to serve the R&R on Plaintiff via certified mail to Plaintiff's last known address, D.E. 28; and it

**APPEARING** that the R&R advised the parties as to the dates that any objections to the R&R were to be served and filed.  *See* R&R at 4; and it

**APPEARING** that no objections to the R&R have been received and the time for filing any objections has expired; and it

**APPEARING** that "where no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'"  *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes); and it

**APPEARING** that this Court independently reviewed the record and the R&R, and hereby adopts it as the Opinion of this Court because there is not clear error on the face of the record. Here, given Plaintiff's repeated failure to participate in litigation that she initiated, this Court concludes that Judge Mannion appropriately concluded that dismissal without prejudice[1] is an appropriate sanction;

**THEREFORE**, for the foregoing reasons, and for good cause shown,

---

[1] Because no timely objections were made to the R&R and because the R&R merely recommends this case be dismissed without prejudice, the Court finds that Judge Mannion's decision to not analyze the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) was permissible.  *See* R&R at 3, fn. 15 (citing *Choi v. Kim*, 258 F. App'x. 413, 417, n.5 (3d Cir. 2007) ("[T]he District Court explicitly dismissed this matter *without* prejudice.  We further recognize that the denial of a Rule 60(b) or 59(e) motion in cases like the instant case is not an adjudication on the merits.  *Poulis* thus does not apply, as this was not a punitive prejudicial dismissal like that addressed in *Poulis*. (emphasis in original)).

**IT IS** on this 5th day of October, 2020,

**ORDERED** that the Court adopts the Report and Recommendation, D.E. 27, in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint is hereby **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

_____
John Michael Vazquez, U.S.D.J.